# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-70018

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2015

Lyle W. Cayce
Clerk

ALVIN AVON BRAZIEL, JR.,

Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-1591

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

In 1993, Douglas White was robbed and murdered; his wife, Lora, was also brutally raped during the same incident, but she survived. The crime remained unsolved for several years until petitioner Alvin Avon Braziel, Jr. was arrested for an unrelated crime, and his DNA was linked to the White murder. In 2001, Braziel was tried for capital murder, convicted, and sentenced to death. He now petitions this court for a certificate of appealability

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-70018

("COA") limited to the issue of the correctness of the district court's ruling that his claim of ineffective assistance of counsel ("IAC") for failure to investigate and present mitigating evidence during the sentencing phase was procedurally defaulted (the district court alternatively denied relief on the merits). To obtain a COA on a claim found procedurally defaulted, Braziel must show that jurists of reason would debate the correctness of the district court's procedural ruling and that his petition sets forth a valid underlying claim of a denial of a federal constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Applying well-settled standards for determining COA applications in death penalty cases, we DENY Braziel's COA application.

We are mindful that our inquiry is a threshold one; we do not adjudicate the merits of the parties' arguments. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Further, any doubts about the issuance of a COA in a death penalty case should be resolved in favor of granting it. *Gomez v. Quarterman*, 529 F.3d 322, 326 (5th Cir. 2008). At the same time, we have a task to do that requires assessment of whether the applicant's claim "deserve[s] encouragement to proceed further." *Slack*, 529 U.S. at 484.

Braziel concedes that he did not exhaust the particular IAC claim at issue here. Ordinarily, that concession would be fatal to his claim. 28 U.S.C. § 2254(b). However, Braziel contends that jurists of reason would debate whether he has shown cause and prejudice to excuse the procedural default due to the alleged ineffectiveness of state habeas counsel, citing *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). Simply stated, these cases hold that if the failure to raise a meritorious claim of trial counsel IAC in the state habeas proceeding was due to the IAC of state habeas counsel, then the procedural default is not a bar to proceeding in federal court.

No. 15-70018

IAC claims are judged under the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). That case requires a showing that counsel's performance was deficient and that such deficiency prejudiced the defendant. *Id.* The law accords deference to strategic choices made by counsel following a "reasonable" investigation and informed decision not to pursue other avenues. *Wiggins v. Smith*, 539 U.S. 510, 522–23 (2003); *see also Allen v. Stephens*, 2015 U.S. App. LEXIS 19525, at *41–43 (5th Cir. Nov. 9, 2015) (No. 14-70017) (*Strickland* review is highly deferential to counsel's strategic decisions).

With these general standards in mind, we turn to Braziel's case. Following his unsuccessful state habeas case, he filed a federal petition. Braziel contended that trial counsel should have presented as mitigating evidence his "poor educational and work history, that he suffered a head injury as a child, resulting in hospitalization, that he was physically abused by his stepfather, and that there was a history of mental illness in his family." *Braziel v. Stephens*, No. 3:09-CV-01591, 2015 U.S. Dist. LEXIS 69571, at *14 (N.D. Tex. May 28, 2015). The timeframe of his federal case overlapped with the development of the law in *Martinez* and *Trevino*. After *Trevino* was decided, the district court conducted an evidentiary hearing on the issue of state habeas counsel's effectiveness. Following that hearing and briefing by the parties, the district court found "that Braziel has not shown that this claim comes within an exception to [the] procedural bar." *Id.* at *11. The district court noted that Braziel conceded that his claim would be procedurally barred but for the *Martinez/Trevino* exception. *Id.* at *13. The court explained that Braziel had to demonstrate that his constitutional claim was "substantial" and that his state habeas counsel's ineffectiveness was the reason the claim was not presented to the state court. *Id.* at *14. The district court concluded that Braziel failed on both counts. *Id.* at *28–29. The court thus concluded in the

3

alternative that even if the claim were not procedurally barred, it should be denied on the merits. *Id.*

In deciding this issue, the district court considered exhibits and the evidence  at the evidentiary hearing.[1]  The district court found that the state trial court had appointed qualified trial counsel with death penalty experience who used a qualified investigator. *Id.* at *17.  In turn, counsel found evidence of a childhood brain injury.  Braziel termed this evidence "B.S." and refused to be examined by a mental health expert. *Id.* at *18.  Over Braziel's objection, his counsel sought out family members who were also hostile and uncooperative. *Id.* at *19–20.[2]  "Trial counsel diligently sought to investigate and present a mitigation case at trial, and attempted to obtain evidence of Braziel's family history and any mental health problems and abuse that may have existed, but were prevented from doing so because of the refusal of Braziel and his family to cooperate with their efforts." *Id.* at *21.  Counsel thus pursued an (ultimately unsuccessful) alternative strategy of bringing parents of Braziel's friend to testify that he was a good person whom they trusted to have in their house. *Id.* at *20.  The district court concluded that Braziel's claim that trial counsel should have sought funding for a mental health expert was belied by the fact that his current counsel also has not requested such funding. *Id.* at *21.  Even at this late date, the district court concluded there

---

[1] Braziel criticizes the district court for limiting the presentation of live witnesses but then excluding the affidavit of his investigator, Amanda Maxwell, as hearsay.  This characterization of the district court's ruling is inaccurate.  The district court did not exclude the affidavit itself as hearsay but rather denied admission because Maxwell's statements were based entirely on hearsay offered to prove the truth of the matters therein stating: "The investigator, Ms. Maxwell, is stating as facts what she learned from conversations with the petitioner's family, for example, and those are being offered as truthful, accurate statements." Thus, even if Maxwell had testified live this problem would have been presented.

[2] For example, trial counsel testified that Braziel's sister indicated that she would get on the stand at the punishment phase and "tell the jury that they were a bunch of jerks, and we didn't feel like that that was going to help him at all."

was nothing to show "whether such testimony would have been favorable to Braziel." *Id.* The district court concluded that trial counsel was not ineffective.

Similarly, the district court found that state habeas counsel was qualified and that state habeas counsel also attempted to investigate Braziel's mental health but was again stymied by his refusal to cooperate. *Id.* at \*22. Although an earlier draft contained a "failure-to-present-mitigation-evidence" IAC claim, the final version of the state habeas petition did not include this claim. Due to passage of time, state habeas counsel testified that he could not remember why he did not include the claim but it could be that he did not have the evidence to support it. "Despite having the file of state habeas counsel, Braziel has not shown that such counsel had the information [necessary to support the failure to present mitigation evidence claim] and that the claim was omitted by error. In fact, federal habeas counsel still does not have the evidence necessary to prove this claim." *Id.* at \*24–25 n.7. The district court concluded that state habeas was not ineffective. *Id.* at \*27–28.

While having an intransigent client does not excuse counsel from investigating, *Rompilla v. Beard*, 545 U.S. 374, 381, 385 (2005), the defendant's conduct has a bearing on the reasonableness of the investigation. *See Schriro v. Landrigan*, 550 U.S. 465, 466–67 (2007) (clients' roadblocks to discovery of mitigating evidence are relevant to determination of IAC); *Mays v. Stephens*, 757 F.3d 211, 215–16 (5th Cir. 2014) (defendant could not fault counsel for failing to obtain his cooperation in mental health testing), *cert. denied*, 135 S. Ct. 951 (2015); *Sonnier v. Quarterman*, 476 F.3d 349, 362 (5th Cir. 2007) (where defendant prevents counsel from obtaining mitigating evidence, he cannot claim IAC on that basis). Also, counsel is not required to pursue fruitless leads. *See Beatty v. Stephens*, 759 F.3d 455, 467 (5th Cir. 2014) (denying COA on claim that counsel should have discovered and presented more evidence of victim's abusive behavior and personality), *cert. denied*, 135

No. 15-70018

S. Ct. 2312 (2015); *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010) (failure to investigate claim requires showing of how investigation would have altered the outcome).  Here, the district court concluded that the investigation by both trial counsel and state habeas counsel was adequate and further, that even now, the evidence is insufficient to support an IAC claim based upon lack of mitigation evidence.

We conclude that jurists of reason would not debate the correctness of the district court's rulings in this regard.  Thus, we conclude that Braziel's sole issue does not "deserve encouragement to proceed further."  *Slack*, 529 U.S. at 484.   His application for a COA is DENIED.